UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DAVID BOSSET,**

    **Plaintiff,**

v.                                                                    Case No.  8:07-CV-967-T-30MAP

**UNITED STATES OF AMERICA,**
**INTERNAL REVENUE SERVICE,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court for consideration of the United States', Internal Revenue Service's, and the Secretary of the Treasury's Motion to Dismiss Plaintiff's Amended Verified Complaint for Damages (Dkt. 9) and Plaintiff's Verified Objection to Defendant's [sic] Motion to Dismiss (Dkt. 14) and Motion to Strike the Response as Incomplete and Non-Responsive (Dkt. 15), with Plaintiff's First Set of Interrogatories Pursuant to Supplemental Rules of Civil Procedure attached thereto. The Court, having considered the motion, response, memoranda, complaint, and exhibits, and being otherwise advised in the premises, finds that Defendants' motion should be granted.

**Motion to Dismiss Standard Under 12(b)(6).**

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could

be proved consistent with the allegations." Blackston v. State of Alabama, 30 F.3d 117, 120 (11th Cir. 1994) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).  Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff.  See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994).  The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low.  See Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985).  "Unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the complaint should not be dismissed on grounds that it fails to state a claim upon which relief may be granted.  Sea Vessel, Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994).  Nevertheless, to survive a motion to dismiss, a plaintiff must do more than merely "label" his claims.  Blumel v. Mylander, 919 F.Supp. 423, 425 (M.D. Fla. 1996).  Moreover, when on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate.  Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

## Discussion

The Internal Revenue Code ("IRC") provides that "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321.  See United States v. National Bank of

Commerce, 472 U.S. 713, 720 (1985). Since Federal tax liens are not self-executing, the Internal Revenue Service ("IRS") must take affirmative action to enforce collection of unpaid taxes. *Id*. (citing United States v. Rodgers, 461 U.S. 677, 680-82 (1983)). One tool available to the IRS is the collection of the unpaid tax by administrative levy. See 26 U.S.C. § 6331(a)-(b) (authorizing collection of the tax by levy, which "includes the power of distraint and seizure by any means."). A provisional remedy, the levy typically does not require any judicial intervention. The constitutionality of the levy procedure "has long been settled." See Phillips v. Commissioner, 283 U.S. 589, 595 (1931). See also G.M. Leasing Corp. v. United States, 429 U.S. 338, 352 n. 18 (1977). Bank accounts are a species of property "subject to levy" within the meaning of §§ 6331 and 6332. United States v. National Bank of Commerce, 472 U.S. at 721.

On August 31, 2005, IRS Agent John Shatraw filed a Notice of Federal Tax Lien ("NFTL") in the amount of $113,852.48 against Plaintiff in the county record of Pasco County, Florida. See Dkt. 6, Ex. A-1. Where, as in the instant case, the taxpayer's property is held by another, 26 U.S.C. § 6332(b) provides, in pertinent part, that a Notice of Levy ("NOL") may be served upon the custodian, creating a custodial relationship between the person holding the property and the IRS so that the property comes into the constructive possession of the Government. See United States v. National Bank of Commerce, 472 U.S. at 720.  Here, an NOL on bank accounts from which Plaintiff had the right to withdraw funds was served on AmSouth Bank on November 15, 2005, and December 15, 2005. See Dkt. 6,

Ex. B. AmSouth honored the levy, as follows:

| | |
|---|---:|
| Hernando Enterprises | $   45.00 |
| David Bosset Personal | 4,629.19 |
| BPM Services | 788.65 |
| OCA Services | 261.63 |
| Autumn Associates | 26.48 |
| Total | $5,750.95 |

Id.

While Plaintiff's Complaint is admittedly difficult to follow in parts, the Court has endeavored to interpret the allegations in the Complaint as accurately as possible and to apply the relaxed pleading standards afforded to *pro se* litigants in accordance with Haines v. Kerner, 404 U.S. 519 (1972). Although Plaintiff characterizes the tax lien as "illegal," he does not challenge the accuracy of the tax levy that is the basis for the tax lien. Instead, Plaintiff argues that Defendants United States and IRS violated his right to due process by failing to provide him proper notice of the levy,[1] as required under the rules governing admiralty and maritime claims,[2] and by disclosing information regarding his tax return to third parties, in violation of 26 U.S.C. § 7431.[3]

---

[1] Asserted in Plaintiff's Original Complaint, this claim is not presented in the Amended Complaint. Plaintiff's Amended Complaint does, however, incorporate the allegations presented in the Original Complaint. Wilson v. First Houston Inv. Corp., 566 F.2d 1235, 1237-38 (5th Cir. 1978) ("As a general rule an amended complaint supersedes and replaces the original complaint, unless the amendment specifically refers to or adopts the earlier pleading." (citations omitted)). See Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*) (holding that decisions of the former Fifth Circuit rendered prior to October 1, 1981, are binding precedent in the Eleventh Circuit).

[2] Plaintiff contends that he "enters his complaint pursuant to SFRCP, as to alleged rights under maritime liens and notice of levy by Respondents/Libelants as Libelant in the first instance absent their verified oath and solemn affirmation of original Notice of Lien and Levy documents pursuant to Supplemental Rules (B)(1) & (E)(4)(f) or in the alternative F.R.Civ.P. 4(e), thereby denying Claimant procedural due process." Dkt. 6 at 2.

[3] Title 26 U.S.C. § 7431 provides, in pertinent part, that "[i]f any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States." 26 U.S.C. § 7431(a)(1). However, the filing of notices of tax liens are exempted from the prohibitions of section 6103. By statute and regulations promulgated thereunder, the IRS and its
(continued...)

Additionally, Plaintiff alleges that the tax lien was rendered "null and void" when the IRS failed to perfect the tax lien within sixty days, as required by Fla. Stat. § 713.22, and certify the tax lien in accordance with the Florida and Uniform Federal Lien Registration Act. Finally, without naming them as parties, Plaintiff asserts that Agent Shatraw and an as yet unidentified "Group Manager" violated his due process rights by failing to follow the "Internal Revenue Manual" rules and regulations, particularly sections 5.12.2.5(1)-(2), which he asserts require Revenue Officer Group Managers to review and approve lien filings.

According to Plaintiff, he has suffered substantial personal embarrassment, loss of goodwill, and mental anguish as a result of Defendants' actions. Plaintiff seeks an award of statutory damages or actual damages, punitive damages, and fees and costs.

In his Amended Complaint, Plaintiff added the following parties: "Agents for International Monetary Fund (IMF) Internal Revenue Service, District Director, Special Involuntary Procedures Function Officer and their Principal, Governor of International Monetary Fund AKA Secretary of the Treasury" as "Respondents/Libelants" (Dkt. 8). Reading the Amended Complaint liberally, Plaintiff contends that these proceedings are governed by admiralty law because the Federal tax lien is a maritime lien. In his Amended Complaint, Plaintiff further contends that the Defendants have filed, or caused to be filed, faulty NFTLs in the public record absent verification required under the rules governing admiralty proceedings, in violation of his right to procedural due process.

---

[3](...continued)
agents are permitted to disclose tax return information to the extent necessary to locate assets in which a taxpayer has an interest, to effect a lien or levy, or to seize or sell assets to collect taxes due. See 26 U.S.C. §§ 6103(k)(6), 6331(a); 26 C.F.R. § 301.6103(k) (6)-1.

According to Plaintiff, service of the NOL damaged "his property and rights to property, estate, trust, his good name, and his ability to transfer, sell and freely use same, therefore, this has caused Petitioner/Claimant to be put into a position of <u>involuntary servitude</u> and <u>peonage against his will</u> and the laws of the United States of America, the state of Florida, and the Law of Nations" (Dkt. 6 at 7). Plaintiff asks the Court to review the IRS's records supporting the NFTL, make further inquiry concerning the matter, remove the NFTL, remove the lien, and return all property to Plaintiff.

**Motion to Dismiss**

As discussed above, in his Amended Complaint, Plaintiff names the International Monetary Fund Internal Revenue Service and agents thereof as respondents/libelants. Plaintiff has not, however, provided any factual basis for a cause of action against these entities, and the Federal tax lien and notice of levy originated from the United States Internal Revenue Service. Moreover, the IMF enjoys immunity from every form of judicial process except to the extent that it expressly waives its immunity for the purpose of any proceedings or by the terms of any contract. 60 Stat. 1401 (1945). <u>See</u> <u>Loughran v. United States</u>, 317 F.2d 896, 898 (D.C. Cir. 1963). The IMF has not waived its immunity for the purpose of the present proceeding, nor has Plaintiff provided any basis for the Court to conclude that the IMF's immunity has been removed by the terms of a contract. <u>See</u> Fed. R. Civ. P. 12(b)(2).

The Internal Revenue Service is likewise not a proper party in this suit because a federal agency may not be sued in its own name without express congressional authority. <u>See</u> <u>Blackmar v. Guerre</u>, 342 U.S. 512, 514 (1952). It is clearly established that the Internal

Revenue Service is among those agencies for which such authority has not been given, see e.g., Purk v. United States, 747 F.Supp. 1243, 1247 (S.D.Ohio 1989); Krouse v. United States, 380 F.Supp. 219, 221 (C.D.Cal. 1974). The proper party in this action, therefore, is the United States. Korman v. I.R.S., 2007 WL 404041, at *1 (S.D.Fla.).

To the extent that Plaintiff's claims may be read to seek an injunction removing the tax lien or a declaration that the lien is invalid, this Court lacks jurisdiction to award the relief requested. See Fed. R. Civ. P. 12(b)(1). Pursuant to the Anti-Injunction Act, the district courts lack jurisdiction over any action that seeks to enjoin the collection of taxes. See 26 U.S.C. § 7421(a). Plaintiff's case does not fall within the narrow exception to this general rule. Federal courts are expressly proscribed, by statute, from entertaining suits to "[restrain] the assessment or collection of any tax" except under specific circumstances not applicable here. The Supreme Court has held that no injunction will issue unless the plaintiff can show that under no circumstances could the government ultimately prevail and there exists an independent basis for equity jurisdiction. Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962); Bob Jones University v. Simon, 416 U.S. 725, 745 (1974). Plaintiff's complaint satisfies neither prong of the Enochs test. First, Plaintiff has not come forward with any factual support for his assertion that the NFTL is somehow "unlawful," much less demonstrating that he could prevail. See Simanonok v. Commissioner, 731 F.2d 743, 744 (11th Cir. 1984). Second, equitable relief is not available because Plaintiff has an adequate remedy at law. Plaintiff has an administrative remedy to challenge the erroneous filing of a notice of lien. 26 U.S.C. § 6326. He also may pay the tax and seek a refund in the district

court for an "erroneously or illegally assessed or collected" tax, after seeking such refund from the Secretary of the Treasury. 26 U.S.C. § 7422. See Hobson v. Fischbeck, 758 F.2d 579, 580-581 (11th Cir. 1985).

As to Plaintiff's assertion that he is entitled to relief due to violations of Florida statutes governing liens, in addressing the applicability of state law in federal tax collections actions, the Supreme Court recognized that "'in the application of a federal revenue act, state law controls in determining the nature of the legal interest which the taxpayer had in the property. . . . [T]he federal statute . . . merely attaches consequences, federally defined, to rights created under state law. . . . Those consequences are 'a matter left to federal law.'" United States v. National Bank of Commerce, 472 U.S. at 722-23 (citations omitted). Given the nature of Plaintiff's claims, there is no dispute that Plaintiff had a recognized property interest in the levied accounts. Thus, federal law controls here.

**Motion to Strike**

Plaintiff moves to strike Defendants' Motion to Dismiss arguing that the Department of Justice has failed to "prove their authorization to represent the [Defendants] that they purport to represent." Plaintiff further contends that the Defendants are in default for failing to respond to the his First Set of Interrogatories Pursuant to [Rule B(3)(a)][4] Supplemental Rule of Civil Procedure for Certain Admiralty and Maritime Claims, which were served with the Amended Complaint. Contrary to Plaintiff's characterization of the case, nothing in the

---

[4] Plaintiff cites Rule C(3)(a) as legal authority for his motion, but relies on the language of Rule B(3)(a). Rule B(3)(a) provides, in relevant part, that "[t]he garnishee shall serve an answer, together with answers to any interrogatories served with the complaint, within 20 days after service of process upon the garnishee."

complaint suggests that this case is within the Court's admiralty jurisdiction. Admiralty jurisdiction exists only if the complained of incident occurred on navigable waters or is substantially related to traditional maritime activity. See Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 533 (1995); Sisson v. Ruby, 497 U.S. 358, 364 (1990). It is plain from the face of Plaintiff's original and amended Complaints that neither admiralty nor maritime law is implicated here. There are no allegations in either complaint of any maritime activities, no allegations of any incident having occurred on navigable waters of the United States, and no suggestion that any maritime vessel (i.e., boat, ship, barge, etc.) is implicated. As far as the Court can discern, Plaintiff's claims relate to the assessment and collection of taxes. This matter is, therefore, governed by the General Provisions of the Federal Rules of Civil Procedure rather than the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Plaintiff's motion to strike is frivolous and should be denied.

**Conclusion**

The Court finds that Plaintiff has failed to state a claim for which the Court can grant relief. Accordingly, the complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6). The deficiencies in the complaint cannot be cured by amendment or discovery.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's motion to strike Defendant's motion to dismiss is **DENIED** (Dkt. 15).

2. The Motion to Dismiss Plaintiff's Amended Verified Complaint for Damages filed by Defendants United States, the Internal Revenue Service, and the Secretary of the Treasury (Dkt. 9) is **GRANTED**.

3. The Complaint (Dkt. 1) and Amended Complaint (Dkt. 6) are **DISMISSED** with prejudice.

4. The Clerk shall terminate all pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on October 16, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2007\07-cv-967 Motion to Dismiss.wpd